IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARATIO SHIPPING CO. LTD. and<br>INTERSHIP NAVIGATION CO., LTD.,<br>　　　Plaintiffs, | §<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. _____<br>(ADMIRALTY) |
| OCEANEERING INTERNATIONAL, INC.,<br>PEQUOD ASSOCIATES, LTD. and ONEGO<br>SHIPPING & CHARTERING BV,<br>　　　Defendants. | §<br>§<br>§<br>§ | Pursuant to Rule 9(h) of the<br>Federal Rules of Civil Procedure |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiffs, Haratio Shipping Co. Ltd. and Intership Navigation Co., Ltd. ("Plaintiffs"), file this Complaint for Declaratory Judgment and respectfully represent:

I.

The Plaintiffs request that this Court declare the rights, liabilities and other legal relationships under a contract for the carriage of goods by sea and to determine rights arising under said contract.

II.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, in particular, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.A. § 30701 *et. seq.*, which the Plaintiffs assert is applicable to this contract for carriage both under the terms of the applicable contract of carriage and by operation of law, as well as 28 U.S.C. § 1333, as this is a claim that arises under the Court's admiralty and maritime jurisdiction.

21693: 2PCLH9132.WAD

III.

The Defendants, Oceaneering International, Inc., Pequod Associates, Ltd. and Onego Shipping & Chartering BV, are entities that would be affected by this Declaration.

IV.

Haratio Shipping Co. Ltd. is a foreign corporation organized and existing under the laws of a state other than the State of Texas, and which was and is engaged as the owner of the M/V ONEGO MISTRAL and is in the business of operating vessels for the carriage of goods by sea.

Intership Navigation Co., Ltd. is a foreign business entity organized and existing under the laws of a state other than the State of Texas and was the operator of the M/V ONEGO MISTRAL.

V.

Oceaneering International, Inc. is a company organized and existing under law with its principal office at 11911 FM 529, Houston, Texas and which entered into a contract for carriage of goods by sea aboard the M/V ONEGO MISTRAL.

VI.

Pequod Associates, Ltd. is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in London and is a collection agent seeking to collect sums allegedly due on behalf of Oceaneering International, Inc. (*See* Demand Letter, attached hereto as Exhibit A).

VII.

Onego Shipping & Chartering BV was the charterer of the M/V ONEGO MISTRAL and issued bills of lading relating to the carriage.

VIII.

The ONEGO MISTRAL is an ocean-going vessel engaged in the common carriage of goods by sea for hire. This vessel was to carry the cargo at the center of this dispute from Hamburg, Germany to Panama City, Florida, with carriage beginning on or about June 25, 2009. (*See* Exhibit B).

IX.

Plaintiffs entered into a contract for carriage of a cargo of equipment, including twenty-one reels and four pallets of electrical cable and stainless steel tubing, to be carried from Hamburg, Germany to Panama City, Florida, aboard the ONEGO MISTRAL. (*See* Exhibit B (all terms and conditions are specifically incorporated herein as if pled *in extensor*)).

X.

There was no declared value of the cargo listed on Bills of Lading ONEGMIS HAM060901 and 902. (*See* Exhibit B).

XI.

On or about July 23, 2009 the cargo was discharged from the vessel and removed into the custody of the consignee.

XII.

The Defendants have wrongfully alleged liability on the part of the Plaintiffs for damage to the cargo. (*See* Exhibit A). Accordingly, Plaintiffs and the Defendants are entities interested under the contract of carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

XIII.

The Plaintiffs are entitled to any and all other defenses and exceptions to liability under COGSA.

XIV.

Even if Plaintiffs are found to be responsible for the damage, which is fully denied, such damage is subject to the U.S. $500.00 package or C.F.U. limitation contained in COGSA at section 4(5).

For these reasons, the Plaintiffs Haratio Shipping Co., Ltd. and Intership Navigation Co., Ltd., pray that the Defendants, Oceaneering International, Inc., Pequod Associates, Ltd. and Onego Shipping & Chartering BV, be cited and served, and that after all legal proceedings, this Court declare that:

a) The provisions of COGSA are a complete liability shield preventing any recovery by the Defendants from the Plaintiffs for the alleged damage to cargo.

b) In the alternative, the limitation of liability provisions in COGSA apply to the contract of carriage, thus limited any potential recovery of the Defendants to $500.00 per package or C.F.U. for the alleged damages to the packages.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
Mary Holmesly
State Bar No. 24057907
S.D.TX. Adm. ID No. 890192
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax

*Attorneys for Plaintiffs*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.